J. CHARLES COONS, ESQ.
Nevada Bar No. 10553
ccoons@righthaven.com
*Assistant General Counsel at Righthaven*
JOSEPH C. CHU, ESQ.
Nevada Bar No. 11082
jchu@righthaven.com
*Staff Attorney at Righthaven*
Righthaven LLC
9960 West Cheyenne Avenue, Suite 210
Las Vegas, Nevada 89129-7701
(702) 527-5900
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| RIGHTHAVEN LLC, a Nevada limited-liability company,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>NATIONAL WIND WATCH, INC., a Massachusetts nonprofit corporation,<br><br>　　　　　　Defendant. | Case No.: 2:10-cv-01675<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

Righthaven LLC ("Righthaven") complains as follows against National Wind Watch, Inc. ("National Wind Watch") on information and belief:

## NATURE OF ACTION

1. This is an action for copyright infringement pursuant to 17 U.S.C. § 501.

## PARTIES

2. Righthaven is, and has been at all times relevant to this lawsuit, a Nevada limited-liability company with its principal place of business in Nevada.

1

3. Righthaven is, and has been at all times relevant to this lawsuit, in good standing with the Nevada Secretary of State.

4. National Wind Watch is, and has been at all times relevant to this lawsuit, a Massachusetts nonprofit corporation.

5. National Wind Watch is, and has been at all times relevant to this lawsuit, identified by the current registrar, GoDaddy.com, Inc. ("GoDaddy"), as the registrant of the Internet domain found at <wind-watch.org> (the "Domain").

6. National Wind Watch is, and has been at all times relevant to this lawsuit, the self-proclaimed owner of the copyright(s) in the work(s) posted as part of the content accessible through the Domain (said content accessible through the Domain known herein as the "Website"), as evidenced by a copyright notice displayed on the Website: "© National Wind Watch, Inc."

**JURISDICTION**

7. This Court has original subject matter jurisdiction over this copyright infringement action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a).

8. Righthaven is the owner of the copyright in the literary work entitled: "Wind power project's impact on bats studied" (the "Work"), attached hereto as Exhibit 1.

9. At all times relevant to this lawsuit, the Work has depicted and depicts the original source publication as the Las Vegas *Review-Journal*.

10. National Wind Watch willfully copied, on an unauthorized basis, the Work from a source emanating from Nevada.

11. On or about August 22, 2010, National Wind Watch displayed, and continues to display, an unauthorized copy of the Work (the "Infringement"), attached hereto as Exhibit 2, on the Website.

12. The subject matter, at least in part, of the Work and the Infringement, is the environmental impact of a Nevada-based wind farm project.

13. At all times relevant to this lawsuit, National Wind Watch knew that the Work was originally published in the Las Vegas *Review-Journal*.

14. At all times relevant to this lawsuit, National Wind Watch knew that the Work emanated from a Nevada-based publication.

15. At all times relevant to this lawsuit, National Wind Watch knew that the Infringement was and is of specific interest to Nevada residents.

16. National Wind Watch's display of the Infringement was and is purposefully directed at Nevada residents.

## VENUE

17. The United States District Court for the District of Nevada is an appropriate venue, pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events giving rise to the claim for relief are situated in Nevada.

18. The United States District Court for the District of Nevada is an appropriate venue, pursuant to 28 U.S.C. § 1391 (c), because National Wind Watch is subject to personal jurisdiction in Nevada.

19. The United States District Court for the District of Nevada is an appropriate venue, pursuant to 28 U.S.C. § 1400 (a), because National Wind Watch is subject to personal jurisdiction in Nevada.

## FACTS

20. The Work constitutes copyrightable subject matter, pursuant to 17 U.S.C. § 102(a)(1).

21. Righthaven is the owner of the copyright in and to the Work.

22. The Work was originally published on or about August 16, 2010.

23. On September 21, 2010, the United States Copyright Office (the "USCO") received Righthaven's official submittal for the registration to the Work, including the application, the deposit copy, and the registration fee (the "Complete Application"), Service

Request No. 1-490417823, and attached hereto as Exhibit 3 is the official USCO application submittal for the Work depicting the occurrence of the Complete Application.

24. On or about August 22, 2010, National Wind Watch displayed, and continues to display, the Infringement on the Website.

25. National Wind Watch did not seek permission, in any manner, to reproduce, display, or otherwise exploit the Work.

26. National Wind Watch was not granted permission, in any manner, to reproduce, display, or otherwise exploit the Work.

## CLAIM FOR RELIEF: COPYRIGHT INFRINGEMENT

27. Righthaven repeats and realleges the allegations set forth in Paragraphs 1 through 26 above.

28. Righthaven holds the exclusive right to reproduce the Work, pursuant to 17 U.S.C. § 106(1).

29. Righthaven holds the exclusive right to prepare derivative works based upon the Work, pursuant to 17 U.S.C. § 106(2).

30. Righthaven holds the exclusive right to distribute copies of the Work, pursuant to 17 U.S.C. § 106(3).

31. Righthaven holds the exclusive right to publicly display the Work, pursuant to 17 U.S.C. § 106(5).

32. National Wind Watch reproduced the Work in derogation of Righthaven's exclusive rights under 17 U.S.C. § 106(1).

33. National Wind Watch created an unauthorized derivative of the Work in derogation of Righthaven's exclusive rights under 17 U.S.C. § 106(2).

34. National Wind Watch distributed, and continues to distribute, an unauthorized reproduction of the Work on the Website, in derogation of Righthaven's exclusive rights under 17 U.S.C. § 106(3).

35. National Wind Watch publicly displayed, and continues to publicly display, an unauthorized reproduction of the Work on the Website, in derogation of Righthaven's exclusive rights under 17 U.S.C. § 106(5).

36. National Wind Watch has willfully engaged in the copyright infringement of the Work.

37. National Wind Watch's acts as alleged herein, and the ongoing direct results of those acts, have caused and will continue to cause irreparable harm to Righthaven in an amount Righthaven cannot ascertain, leaving Righthaven with no adequate remedy at law.

38. Unless National Wind Watch is preliminarily and permanently enjoined from further infringement of the Work, Righthaven will be irreparably harmed, and Righthaven is thus entitled to preliminary and permanent injunctive relief against further infringement by National Wind Watch of the Work, pursuant to 17 U.S.C. § 502.

## **PRAYER FOR RELIEF**

Righthaven requests that this Court grant Righthaven's claim for relief herein as follows:

1. Preliminarily and permanently enjoin and restrain National Wind Watch, and National Wind Watch's officers, agents, servants, employees, attorneys, parents, subsidiaries, related companies, partners, and all persons acting for, by, with, through, or under National Wind Watch, from directly or indirectly infringing the Work by reproducing the Work, preparing derivative works based on the Work, distributing the Work to the public, and/or displaying the Work, or ordering, directing, participating in, or assisting in any such activity;

2. Direct National Wind Watch to preserve, retain, and deliver to Righthaven in hard copies or electronic copies:

   a. All evidence and documentation relating in any way to National Wind Watch's use of the Work, in any form, including, without limitation, all such evidence and documentation relating to the Website;

   b. All evidence and documentation relating to the names and addresses (whether electronic mail addresses or otherwise) of any person with whom National Wind Watch has communicated regarding National Wind Watch's use of the Work; and

   c. All financial evidence and documentation relating to National Wind Watch's use of the Work;

 3. Direct GoDaddy, and any successor domain name registrar for the Domain, to lock the Domain and transfer control of the Domain to Righthaven;

 4. Award Righthaven statutory damages for the willful infringement of the Work, pursuant to 17 U.S.C. § 504(c);

 5. Award Righthaven costs, disbursements, and attorneys' fees incurred by Righthaven in bringing this action, pursuant to 17 U.S.C. § 505;

 6. Award Righthaven pre- and post-judgment interest in accordance with applicable law; and

 7. Grant Righthaven such other relief as this Court deems appropriate.

## DEMAND FOR JURY TRIAL

Righthaven requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated this twenty-seventh day of September, 2010.

            RIGHTHAVEN LLC

            By: /s/ J. Charles Coons
            J. CHARLES COONS, ESQ.
            Nevada Bar No. 10553
            JOSEPH C. CHU, ESQ.
            Nevada Bar No. 11082
            9960 West Cheyenne Avenue, Suite 210
            Las Vegas, Nevada 89129-7701
            *Attorneys for Plaintiff*